[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET VERDICT ASIDE; MOTION TO DISQUALIFY; MOTION FOR PERMANENT INJUNCTION; MOTION FOR EXTENSION OF TIME
The matter from which the above-captioned motions emerged may loosely be designated a wrongful discharge case. Actually, the action was brought in eight counts covering complaints of wrongful termination, violations of public policy, intentional infliction of emotional distress and civil conspiracy. At the conclusion of the plaintiff's case, the defendant moved for a directed verdict which was granted.
 I.
The motion to set aside the verdict lists as its sole ground that it was against the evidence. Were it not for the fact that the plaintiff is a pro se, the court would deny this motion because it does not state the specific grounds relied upon, Practice Book 320. Apart from such, at the hearing on this motion, the plaintiff based her oral argument solely on claimed errors in rulings on evidence and not that the verdict was against the evidence. The motion to set aside the verdict must, therefore, be denied.
 II.
The motion to disqualify is based on a claim that (1) Attorney William Rush, defense counsel, introduced into evidence a medical report from a Dr. Sica (now deceased) which pertained CT Page 4232 to a prior case unrelated to the present case, and for which Attorney Rush did not have plaintiff's consent, (2) Attorney Rush's firm, Pullman, Comley, Bradley and Reeves, had previously been ordered to withdraw from the case by Judge Burton J. Jacobson.
With respect to the first claim, the plaintiff's report from Dr. Sica was obtained in the regular course of a deposition of Dr. Sica and was introduced in the present case to counteract the plaintiff's claim of emotional distress in the instant case. In addition, the claim of lack of consent is based on Connecticut General Statutes 52-146 (o) which was not in existence at the time this medical report was obtained. With respect to the second claim, Judge Jacobson granted a motion to reargue his order to withdraw, the matter was referred to Judge Howard Zoarski, and, after a full hearing Judge Zoarski denied the plaintiff's request that the firm of Pullman, Comley, Bradley and Reeves withdraw from the case. This court finds no reason to reverse Judge Zoarski's ruling.
The motion to disqualify must be denied.
 III.
The plaintiff's motion for a permanent injunction, again, relates to the plaintiff's medical records and seeks to enjoin defendant's counsel from further disseminating any of plaintiff's medical record which may have been disseminated, retrieve such records and return such to the plaintiff, and, finally, to order counsel to cease and desist any further action in regard to the plaintiff's medical reports/records. The only observation the court can make is that injunctive proceedings are hardly initiated by motion and the court can find no reason to rule otherwise that it already has in the motion to disqualify.
 IV.
The plaintiff has requested an extension of time for two months in which to file an appeal. Were the plaintiff not a pro se, this motion would be denied. Because she is pro se, the court will grant an extension of time to July 1, 1991, to file an appeal, if the plaintiff so elects.
All other motions are denied.
BELINKIE, S.T.R.